**UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF KENTUCKY
LONDON DIVISION**

IN RE:

**EDDY AND PAMELA SIZEMORE**                                    **CASE NO. 09-61064**

**DEBTORS**


**MEMORANDUM OPINION AND ORDER**

This matter is before the Court on the Debtor Pamela D. Sizemore's Motion to Partially Alter, Amend, or Vacate or for Relief from Judgment [Doc. 141]. The Debtor asks for reconsideration of a Memorandum Opinion and Order [Doc. 138] (the "Order") sustaining the Trustee's Objection to the Debtor's Amended Schedule C [Doc. 96] and denying the Debtor's Motion for Leave to Pay Off Plan in Advance [Doc. 94]. The Chapter 13 Trustee filed an Objection [Doc. 144] and the Debtor filed a Reply [Doc. 145]. A hearing was held and the matter was submitted for decision.

**A.    Motion to Alter or Amend Judgment.**

Although the Debtor fails to cite the authority by which she seeks reconsideration, the Motion to Alter is considered under FED. R. CIV. P. 59(e), made applicable by FED. R. BANKR. P. 9023, as it was filed within 14 days of entry of the Order. Rule 59(e) does not set out standards for review, but courts have established four grounds that might support a motion to alter or amend a judgment: (1) a clear error of law; (2) newly discovered evidence; (3) an intervening change in controlling law; and (4) to prevent manifest injustice." *Leisure Caviar, LLC v. U.S. Fish & Wildlife Serv.,* 616 F.3d 612, 615 (6th Cir. 2010) (quoting *Intera Corp. v. Henderson,* 428 F.3d 605, 620 (6th Cir. 2005)); *see also In re Miller*, 489 B.R. 74, 80 (Bankr. E.D. Tenn. 2013) (citing *In re Gress,* 435 B.R. 520, 522–23 (Bankr. S.D. Ohio 2010) (citations omitted)). A Rule

59(e) motion should not, however, reargue issues already presented. *Whitehead v. Bowen,* 301 F. App'x 484, 489 (6th Cir. 2008) (citing *Sault Ste. Marie Tribe of Chippewa Indians v. Engler,* 146 F.3d 367, 374 (6th Cir. 1998)); *White v. Hitachi, Ltd.,* Case No. 3:04-CV-20, 2008 WL 782565, at *1 (E.D. Tenn. Mar. 20, 2008).

The Debtor's argument is simply that the Court did not get it right. This is not enough to justify alteration or amendment under Rule 59(e), nor is her position correct.

**B.    The Order Is Correct; No Alteration or Amendment Is Required.**

    **1.    Only Part of the Order Is Disputed.**

The Court made two key rulings in the Order. First, the Court held that the Debtor cannot exempt $100,000.00 of insurance proceeds from a policy on the life of the Debtor's ex-spouse (the "Proceeds") pursuant to 11 U.S.C. §§ 522(d)(10)(E) or 522(d)(11)(C). Order, at 6-8. The Debtor does not contest the Court's ruling on the attempted use of these exemptions.

Second, the Court determined that, even if the Court construed the facts in the Debtor's favor and allowed an exemption under 11 U.S.C. § 522(d)(11)(E), the maximum amount subject to exemption is $10,012.14. *Id.* at 9. This decision ends the need for litigation because the amount in controversy as agreed to by the parties at the November 25, 2013, hearing is only $34,238.13, roughly one third of the non-exempt Proceeds of $89,987.86. This second ruling is the subject of the Motion to Alter.

    **2.    The Debtor Did Not Show the Proceeds Compensated for Loss of the Debtor's Income.**

The Debtor argues it was an error to limit the amount of Proceeds exempt under § 522(d)(11)(E) because: "The sole and only question is whether or not the payment in compensation of loss of future earnings is 'reasonably necessary for the support of the debtor'."

Motion, p. 1. The Debtor herself recognizes, however, that this is not the "sole and only question" under § 522(d)(11)(E).

The subsequent sentence in the Motion describes the question the Court must address before it needs to determine if any loss of compensation is reasonably necessary for support: "**Once the Court determines that the funds received by the Debtor constitute a 'payment in compensation of loss of future earnings of the Debtor or an individual of whom the Debtor is or was a dependent'**, then the sole inquiry becomes the extent to which such payment is reasonably necessary for support of the Debtor." Motion, p. 2 (emphasis supplied). The Debtor confirmed this in the Reply, p. 2: "All that the Court is required to find is the payment was in compensation of loss of future earnings of Eddy Sizemore."

This is exactly what the Court did. Order, at 8-9. After determining the Proceeds were not in compensation of a loss of Debtor's income, the analysis shifted to "the requirement that payment is 'in compensation of loss of future earnings of … an individual of whom the debtor is or was a Dependent [*i.e.,* Eddy Sizemore, the ex-spouse].'" *Id*. at 8. Section 522(d)(11)(E) does not require that the Debtor is a dependent on the date of death, but it does require the exempt Proceeds be compensation for a loss of future earnings.

Prior to the Court's Order, the Debtor offered no argument in her hearing brief or other pretrial filings that the Proceeds are compensation for a loss of future earnings except to summarily claim the exemption. Rather, she focused her attention on the question of whether the Proceeds are reasonably necessary for her support. The lone evidence submitted in the record that relates to Eddy Sizemore's future earnings is the Settlement Agreement.

The only obligations post-divorce from Eddy Sizemore to the Debtor in the Settlement Agreement come from his agreement to pay half of certain marital debts totaling $10,012.14.

The Debtor has no further right to anything from Eddy Sizemore, whether he worked only one more day or another 30 years. In fact, she explicitly waived that right. The record contains no other evidence and the Debtor has not directed the Court to anything other than potential testimony for the Debtor.[1]

The Debtor repeatedly argued in her papers seeking reconsideration and at oral argument that the Court erred when it did not simply accept that a life insurance policy is intended to replace a loss of future income. The Debtor cites no law in support of her position. The only law cited by the Debtor related to § 522(d)(11)(E) pertains to the exemption of settlement proceeds following litigation of personal injury actions, not receipt of life insurance proceeds. Further, the Court is unable to independently locate law in support this contention. This underscores the Court's conclusion that:

> Life insurance is generally not, on its face, a substitute for wages. It is merely a contractual agreement that upon the death of the insured, a beneficiary shall receive a sum of money if the insured paid the requisite premiums during his or her life. There is no relationship between the wages of the insured and the proceeds paid out on the policy unless the insured and insurer create one. Pamela does not make such an argument and there is nothing in the Settlement Agreement or the record to suggest this kind of relationship.

Order, at 7.[2]

Life insurance policies are often used to compensate the beneficiary for loss of the deceased's income over time. The easiest and possibly most common example is a life insurance policy obtained by a working parent of young children that names the spouse as a beneficiary. Even if this is accepted as the most common, it is not the only use. Life insurance policies also function as estate planning tools or a source of funding for a buy-out on death benefit in a

---

[1] Even if the Debtor were to testify that the parties intended the life insurance to remain as compensation, her testimony would have little credibility or value where the Debtor failed to address this issue in her prior pre-trial filings and in the face of a 7-week old Settlement Agreement that did not address the issue.

[2] At oral argument, the Debtor indicated that although Eddy was the insured, the Debtor owned the life insurance policy. This fact does not affect the analysis.

shareholders or operating agreement. Therefore, the Debtor's argument that "it must be so" is not persuasive.

In this case, the record contains no evidence that the life insurance is compensation for the loss of Eddy's future earnings. The only evidence is the Settlement Agreement, which does not help the Debtor because it only shows potential payments from Eddy Sizemore of just over $10,000.00. Thus, the Proceeds are mostly a windfall. Although exemptions are liberally construed in favor of a debtor, there is no justification to impose a condition on a life insurance contract that is not supported by the facts of this case.

### 3. The Exemption Statutes Do Not Support the Debtor's Arguments.

Although not clear in her arguments, the Debtor appears to desire an interpretation of § 522(d)(11)(E) that determines the impact of the life insurance policy at the time the Debtor was a dependent. The last time she was a dependent under § 522 was seven weeks before her right to the Proceeds accrued, immediately prior to the divorce becoming final. *See* 11 U.S.C. § 522(a)(1) (a spouse is a dependant under the exemption statute). Nothing in § 522(d)(11)(E) suggests the statute should relate back to a time preceding the date of death.

The more natural reading is that the life insurance must compensate the Debtor for either her loss of income, or the loss of compensation of the person to which she was a dependent, on the date the Debtor is entitled to the life insurance proceeds. The date of death was seven weeks after the divorce became final and the Settlement Agreement made it clear her right to any compensation from her ex-spouse could not exceed $10,012.14.

Further, this temporal argument would effectively write out the limitation in § 522(d)(11)(C) that the Debtor must be a dependent on the date of the individual's death for a payment under a life insurance contract. The Debtor asks this Court to construe § 522(d)(11)(E) in isolation, but the Court cannot ignore the other provisions of § 522(d)(11). *See Duncan v.*

*Walker,* 533 U.S. 167, 174 (2001) (holding that a cardinal principal of statutory construction is that courts " 'give effect, if possible, to every clause and word of a statute' " and that a statute be construed, if possible, so no clause, sentence or word shall be superfluous, void, or insignificant.); *Benson v. O'Brian*, 179 F.3d 1014, 1017 (6th Cir. 1999) ("We should, of course, be 'hesitant to adopt an interpretation of a congressional enactment which renders superfluous another portion of that same law.'") (*quoting Mackey v. Lanier Collection Agency & Serv. Inc.*, 486 U.S. 825, 837 (1988)).

The Court's interpretation is not, as argued by the Debtor, inconsistent with the policy of reading exemption statutes broadly. With evidence to support an interpretation that life insurance proceeds are compensation of a loss of future earnings, a debtor may take advantage of § 522(d)(11)(E) either in conjunction with or in lieu of § 522(d)(11)(C). But the Court is unwilling to interpret § 522(d)(11)(E) as a loophole around the express limitation set forth in § 522(d)(11)(C).

## Conclusion

Based on the foregoing, the Debtor's Motion to Partially Alter, Amend, or Vacate or for Relief from Judgment [Doc. 141] is DENIED.

~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~
**The affixing of this Court's electronic seal below is proof this document has been signed by the Judge and electronically entered by the Clerk in the official record of this case.**



Signed By:
*Gregory R. Schaaf*
**Bankruptcy Judge**
Dated: Monday, December 23, 2013
(grs)